IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| COREY HUNTER | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 23-CV-03994 |
| | § | JURY DEMANDED |
| JACKSON OFFSHORE OPERATORS, LLC AND CHEVRON USA, INC. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

COMES NOW the Plaintiff herein, COREY HUNTER, filing this Amended Complaint, complaining of the Defendants JACKSON OFFSHORE OPERATORS, LLC, (hereinafter referred to as "Jackson") and CHEVRON USA, INC., (hereinafter referred to as "Chevron"), and for cause of action would respectfully show the following:

### I.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction and venue over this action pursuant to Chevron USA, Inc.'s removal from the 127th Judicial District Court of Harris County, Texas.

### II.

### PARTIES

2. Plaintiff, Corey Hunter, is a natural person who is domiciled in Semmes, Alabama.

3. Defendant, JACKSON OFFSHORE OPERATORS, LLC, is a Louisiana limited liability company which conducts substantial business in Texas. This defendant engages in providing supply services and other marine services to the offshore oil and gas industry, including

to rigs and platforms situated in the Gulf of Mexico, where this event occurred. Jackson Offshore Operators, LLC has two main offices. Jackson Offshore's corporate leadership and nerve center is located at 801 Travis Street, Suite 2175, Houston, Texas 77002. The Chief Financial Officer, James A. Harness (also the registered agent) and the Vice President, Matthew M. Rigdon, of Jackson Offshore Operators, LLC perform business operations in Houston, Harris County, Texas, at that address. JACKSON OFFSHORE OPERATORS, LLC operates a principal place of business at 801 Travis Street, Suite 2175, Houston, Texas, where its chief financial officer, registered agent, and vice president, direct, control and coordinate company business activities. JACKSON OFFSHORE OPERATORS, LLC has been served with process and has appeared by and through its attorney of record.

4.      Chevron USA, Inc. is a foreign corporation with its principal place of business in California. This defendant maintains continuous and systematic connections in Texas. This defendant is one of the largest producers of oil and natural gas in the Permian Basin of the Texas Panhandle, with holdings totaling approximately 2.2 million net acres. This Defendant has appeared through its counsel.

5.      The incident subject of this suit occurred on the M/V Cajun IV supply vessel in the Gulf of Mexico, over 200 miles south of New Orleans, Louisiana.

### III.

### FACTS

6.      It has become necessary to bring this suit by reason of serious and permanent injuries sustained by Plaintiff, Corey Hunter, on or about October 1, 2021. While working as a member of the QMED (Qualified Member of Engine Department) crew assigned to the supply vessel, the M/V CAJUN IV, Mr. Hunter received severe injuries to his knee, spine, and body generally. The

incident and Plaintiff's injuries occurred while on board the M/V Cajun IV, a self-propelled vessel located in the Gulf of Mexico. Plaintiff was a member of the vessel's crew, and was contributing to and aiding the vessel to accomplish its mission. Jackson owns, operates and maintains the vessel.

7. Jackson Offshore was contracted to work for Defendant Chevron, and the work ongoing on the Jackson vessel, M/V CAJUN IV, was performed on behalf of or for the benefit of Defendant Chevron.

8. Defendant, Jackson Offshore Operators, LLC employed Plaintiff. Plaintiff was a Jones Act seaman aboard the M/V CAJUN IV supply vessel when he was injured. The M/V CAJUN IV is a 210-foot supply vessel owned, operated, controlled, and/or managed by Defendant, Jackson Offshore Operators, LLC.

9. Plaintiff was working as a member of the crew of the M/V CAJUN IV, and was performing his duties at the time he was injured. As Plaintiff was working to disconnect and store a 600 lb. bag of trash, the vessel and/or crane moved abruptly. This caused the load to strike Plaintiff, pushing him into the bulwarks. At the time of Plaintiff's injuries, the M/V CAJUN IV was unsteady in its position for taking on the platform's garbage bags.

10. Plaintiff was performing his duties, as ordered, at the time of this incident.
Plaintiff was struck and pinned by the 600 lb. bag causing immediate pain and injury to his knee, his spine and his body generally. Plaintiff has sustained severe and debilitating injuries including a torn MCL, L3-L4 annular fissure and L4-L5 disc bulge, and lumbar disc displacement. Plaintiff remains under medical care.

## IV.

## CLAIMS

11. Plaintiff re-urges and re-alleges each allegation contained above.

12. The proximate, contributing and legal causes of Plaintiff's injuries include the Jones Act negligence and general maritime negligence of Jackson and Chevron, and the unseaworthiness of the vessel.

13. Defendants' actions were negligent under the Jones Act and general maritime law, and defendant's vessel was unseaworthy, causing injuries and damages to Corey Hunter for the following non-exclusive reasons:

    (a) Failing to provide a reasonably safe place to work pursuant to the Jones Act;

    (b) Failing to properly train and supervise Defendant's employees;

    (c) Failing to take appropriate means or precautions for the safety of Defendants' employees, including Plaintiff;

    (d) Failing to provide and maintain minimum safety requirements;

    (e) Failing to provide adequate personnel and/or safety equipment for the job or tasks in question;

    (f) Failing to follow proper and safe procedures for operation of the M/V CAJUN IV in rough seas;

    (g) Failing to provide adequate warnings;

    (h) Failing to properly maintain, inspect and/or repair the vessel and/or its equipment;

    (i) Failing to safely navigate and maintain the vessel on station so that work could be safely performed;

    (j) Operating the vessel in an unsafe and improper manner;

    (k) Unsafe and/or lack of safe policies, procedures, and training;

    (l) Unsafe and/or inadequate supervision of the crew;

(m) Failure to provide a safe work environment pursuant to the Jones Act;

(n) Violating defendants' own safety rules, policies and regulations;

(o) Violating applicable Coast Guard and other policies of maritime rules and regulations; and

(p) Other acts of negligence.

14. Defendants owed a duty consistent with the foregoing and such breaches proximately caused the Plaintiff's injuries and damages. Defendants were negligent through the acts and omissions and by and through their agents, servants, and/or employees acting in the course and scope of their respective employment. As a result of Defendants' negligence and the unseaworthiness of the vessel, Plaintiff suffered severe physical injury and damages. As a result, Plaintiff has a right to recover for his damages under the Jones Act and general maritime law.

V.

**UNSEAWORTHINESS**

15. Plaintiff repeats and re-alleges each allegation contained above.

16. Plaintiff's injuries occurred while in the service of Defendant, JACKSON, on its supply vessel, M/V CAJUN IV. Plaintiff's employer owed Plaintiff a duty to furnish him a safe place to work and a seaworthy vessel and crew, and as applied to Plaintiff, Defendant failed in those respects.

17. The unseaworthiness of the supply vessel in question caused the injuries and damages sustained by Plaintiff. These conditions were brought about and caused by Jackson Offshore Operators, LLC, its supply vessel, and its crew of employees.

18. At all times material hereto, the M/V CAJUN IV was owned, chartered, managed, operated, and/or controlled by Defendant. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy supply vessel.

19. The unseaworthiness of Defendant's vessel, the M/V CAJUN IV, was a legal cause of injury and damages to Plaintiff by reasons, including but not limited to, the following:

   (a) The M/V CAJUN IV was unsafe and not reasonably fit for its intended purpose and/or the task being performed on the date of event;

   (b) The officers and crew of the M/V CAJUN IV were not properly trained, instructed, or supervised on the date of the event;

   (c) The crew of the M/V CAJUN IV were unfit, untrained, and unskilled on the date of the event;

   (d) The M/V CAJUN IV did not have adequate manpower for the task being performed at the time of the event;

   (e) The M/V CAJUN IV did not have safe equipment available at the time of the event;

   (f) Other acts that may be deemed negligent and/or reckless.

   (g) Defendants owed a duty consistent with the foregoing and such breaches caused the Plaintiff's injuries and damages.

20. Defendants were negligent through the acts and omissions and by and through their agents, servants, and/or employees acting in the course and scope of their respective employment. As a result of Defendants' negligence and the unseaworthiness of the vessel, Plaintiff suffered severe physical injury and damages. As a result, Plaintiff has a right to recover for his damages under the Jones Act and general maritime law.

## VI.

## MAINTENANCE AND CURE

21. Plaintiff repeats and re-alleges each allegation contained above.

22. By reasons of the employment relationship between Plaintiff, as a member of the crew of the supply vessel and employee of the Defendant, Jackson, Plaintiff is entitled to recover maintenance and cure for such time as he has been and will be either convalescing from his injuries

under medical care or until reaching maximum medical improvement. This suit is, therefore, also maintained for the recovery of maintenance and cure for which the Defendant has a continuing obligation to Plaintiff.

## VII.

## CLAIMS AGAINST CHEVRON

23. Plaintiff repeats and re-alleges each allegation contained above.

24. The proximate, contributing, and legal causes of Plaintiff's injuries include the Jones Act negligence and general maritime negligence of Chevron. Plaintiff was not at fault.

25. Chevron's actions were negligent under the general maritime law, which caused injury and damages to Plaintiff, for the following reasons:

   (a) Failure to properly train and instruct its crane operator; its crew members;

   (b) Failure to keep a proper lookout;

   (c) Failure to provide adequate warnings;

   (d) Failure to operate its crane in a safe fashion;

   (e) Failure to maintain safe mechanisms for work between the vessels;

   (f) Failure to prevent loads from swinging into crew members;

   (g) Operating the vessel's equipment in an unsafe and improper manner, specifically, Chevron's crane operator failed to keep a proper lookout and failed to control 600 pounds of trash which caused Plaintiff's injuries;

   (h) Unsafe and inadequate supervision of the crew;

   (i) Failure to adhere to defendant's own safety rules, policies, and regulations; and

   (j) Other acts of negligence.

26. Such breaches caused the Plaintiff's injuries and damages. Defendant was negligent

through the acts and omissions and by and through its/their agents, servants, and/or employees acting in the course and scope of their respective employment. As a result of Defendants' negligence, Plaintiff suffered severe physical injury and damages. As a result, Plaintiff has a right to recover for his damages under the general maritime law.

## VIII.

## PRAYER FOR RELIEF

27. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered severe and permanent injuries and damages. Plaintiff brings his claim against Defendants for physical pain and suffering, mental pain, anguish, distress, loss of enjoyment of life, impairment, loss of earnings and future earning capacity, and medical expenses. Plaintiff seeks all damages available under the Jones Act and general maritime law.

28. For these reasons, Plaintiff prays that Defendants be cited to appear and answer this petition and that after due proceedings be had, there be relief and judgment entered against Defendants as pleaded above and as follows:

(a) Compensatory damages against defendants;

(b) Actual damages;

(c) Consequential damages;

(d) Past and future pain and suffering;

(e) Past and future mental anguish;

(f) Past and future physical disfigurement;

(g) Past lost wages and household services;

(h) Future loss of earning capacity and household services;

  (i)  Past and future economic loss;

  (j)  Maintenance and Cure;

  (k)  Pre and Post judgment interest permitted under the law;

  (l)  Exemplary damages under maritime law;

  (m)  Recoverable costs of court; and

  (n)  Such other relief as the Court may deem just.

## IX.

## RESERVATION OF RIGHTS

29. Plaintiff reserves the right to prove the amount of damages at trial and to amend this Complaint to add claims after additional discovery and as investigation continues.

## X.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer this lawsuit, that judgment be entered against Defendants, that Plaintiff recover his damages in accordance with the evidence, that Plaintiff recover his costs of court, recover interest to which he is entitled under the law, and for all other just and equitable relief.

Respectfully Submitted,

**OF COUNSEL:**
**STEVENSON & MURRAY**

*/s/ Mark T. Murray*
MARK T. MURRAY
Attorney-in-Charge
State of Texas Bar No. 14724810
Fed I.D. 13521
Email: mmurray@stevensonmurray.com
WILLIAM ROBERT HAND
State of Texas Bar No. 24078622
Fed I.D. 1786161
Email: rhand@stevensonmurray.com
Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223 - Telephone
(713) 622-3224 - Facsimile
And

**OF COUNSEL:**
**DAX GARZA LAW**

*/s/ Dax Garza*
**DAX GARZA**
State of Texas Bar No. 24007270
Fed I.D. 29404
1021 Main Street, Ste. 1400
Houston, Texas 77002
(713) 522-3000 -Telephone
(713) 522-3001 -Facsimile
Email: dax@daxgarzalaw.com

**COUNSEL FOR PLAINTIFF, COREY HUNTER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of November 2023, a true and correct copy of the foregoing document was served on all known counsel of record as required under the Federal Rules of Civil Procedure and the Southern District of Texas Rules, to-wit:

tcrawford@lawla.com
ayoran@lawla.com

*/s/ Mark T. Murray*
Mark T. Murray